## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JENIQUA IRENE KNUCKLES,<br>Appellant, | DOCKET NUMBER<br>AT-0752-14-0881-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE: February 2, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jeniqua Irene Knuckles, Grovetown, Georgia, pro se.

Christopher M. Kenny, Fort Gordon, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed without a showing of good cause for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective March 7, 2014, the agency removed the appellant from her position as an Office Support Assistant. Initial Appeal File (IAF), Tab 6 at 24, 26. On August 1, 2014, the appellant filed an appeal with the Board alleging that her removal was improper. IAF, Tab 1. The administrative judge thereafter issued an order on timeliness, advising the appellant that it appeared that her appeal was filed 117 days late and ordering her to submit evidence or argument that her appeal was timely filed or that good cause existed for the delay. IAF, Tab 3. The appellant replied, arguing that the primary reason for her delay was because she had first pursued a union grievance regarding the removal action. IAF, Tab 4 at 4-5. She also claimed that her removal was improper because the agency failed to provide her with a copy of the materials relied upon in proposing the action prior to removing her from her position. IAF, Tab 4 at 4-5, Tab 7 at 4-5.

¶3 The administrative judge issued an initial decision, based on the written record, that dismissed the appeal as untimely filed without a showing of good

cause for the delay. IAF, Tab 8, Initial Decision (ID). The administrative judge found unavailing the appellant's explanation that she was pursuing a union grievance on the same action. ID at 3. He also found that the appellant did not demonstrate due diligence when she waited more than 1 month to file her appeal after allegedly learning that the union was not going to demand arbitration on her grievance. ID at 3. Concerning her argument regarding the agency's failure to provide her with the documentation it relied upon in removing her, the administrative judge found that, while the agency's alleged failure to do so may have constituted harmful procedural error or violated her due process rights, it had no bearing on the appellant's ability or duty to timely file her appeal. ID at 3-4. Given his finding regarding timeliness, the administrative judge noted, but did not reach, the issue of whether the appellant's appeal was precluded by her prior election to pursue a grievance under 5 U.S.C. § 7121(g). ID at 4 n.1.

¶4    The day after the administrative judge issued the initial decision, the appellant filed a request for review of the agency's decision on her union grievance, which has been separately docketed as MSPB Docket No. CB-7121-14-0025-V-1. She thereafter filed a petition for review of the initial decision in the present appeal. Petition for Review (PFR) File, Tab 1. On review, the appellant asks the Board to dismiss the appeal without prejudice in light of her request for review of the grievance decision. PFR File, Tabs 1, 3. She also continues to assert that her removal was improper. PFR File, Tabs 4, 6-7. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant argues on review that, should the Board consider her appeal, she would establish that the agency violated her due process rights and committed harmful procedural error because it failed to provide her with the documentation it relied upon in removing her prior to the removal action. PFR File, Tabs 4, 6-7. The administrative judge properly concluded, however, that these arguments are

not relevant to the issue of the timeliness of the removal appeal.  ID at 3-4; *see, e.g.*, *Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995) (the appellant's arguments regarding the merits of the underlying action are not relevant to the timeliness issue).  Because these arguments are not relevant to the timeliness issue, and because the appellant has otherwise failed to set forth any argument to establish good cause, we agree with the administrative judge's conclusion that the appellant failed to demonstrate good cause to waive the filing deadline.  ID at 3-4.  We also agree with the administrative judge's conclusion that, given his finding regarding timeliness, he need not reach the issue of whether the appellant's appeal was precluded by her prior election to pursue a grievance under 5 U.S.C. § 7121(g).  ID at 4 n.1.

¶6         The appellant attaches several documents on review as alleged new evidence.  PFR File, Tab 4 at 12-25.  She has not shown, however, that the alleged new documents or the information contained therein were previously unavailable before the record closed below despite her due diligence.  *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Moreover, even if she could make the required showing, the documents pertain to the merits of the removal action and, therefore, provide no basis to disturb the administrative judge's finding on the timeliness issue.  PFR File, Tab 4 at 12-25; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶7         Lastly, because the administrative judge properly dismissed the appeal with prejudice as untimely filed without good cause shown for the delay, we DENY the appellant's request to dismiss the appeal without prejudice.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.